IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT WALTER SERVIS, JR., § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-462-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Robert Walter Servis, Jr., TDCJ # 1065669, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

In April 2000 Servis was charged in a multicount indictment with aggravated sexual assault of R.B., a child younger than fourteen years of age, in Case No. 0764907D in the 371st District Court of Tarrant County, Texas. (State Habeas R., vol. 2, at 423) Servis's wife began babysitting R.B. in their home when he was about six weeks old. Servis began sexually abusing R.B. when he was four or five years old, if not earlier. On July 16, 2001, Servis was given and signed written plea admonishments, after which he entered an open plea of guilty to count one of the indictment, and the trial court ordered preparation of a presentence investigation report (PSI). (*Id.* at 424-30) Thereafter, on October 15, 2001, after a hearing, the trial court assessed his punishment at life imprisonment. (*Id.* at 431) On direct appeal, the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Servis v. Texas*, No. 2-01-532-CR, slip op. (Tex. App.–Fort Worth Oct. 31, 2002) (not designated for publication); *Servis v. Texas*, PDR No. 2066-02. Servis did not seek writ of certiorari. (Petition at 3) Servis sought state habeas corpus relief to no avail. (State Habeas R., vol. 1, at cover) This federal petition for habeas corpus relief followed.

## D. ISSUES

In four grounds, Servis claims that his life sentence is excessive, disproportionate and cruel and unusual punishment (grounds one and two) and that he received ineffective assistance of counsel at trial and on appeal (grounds three and four). (Petition at 7-8.)

## E. RULE 5 STATEMENT

Quarterman does not believe the petition should be barred as successive or dismissed as time-barred. (Resp't Answer at 3)

**F. DISCUSSION**

   *1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as in this case, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472

(Tex. Crim. App. 1997).

## 2. *Life Sentence*

Servis claims that the life sentence given him, without consideration of mitigating factors such as the facts that he is a first-time offender, he admitted guilt, and he took responsibility for his acts, is so excessive and disproportionate to the severity of the crime as to constitute cruel and unusual punishment. (Petition at 7)  U.S. CONST. amend. VIII.  The state courts rejected the claim. The appellate court, applying the criteria set forth in *Solem v. Helm*, 463 U.S. 277, 292 (1983), reasoned that, in light of the nature of the offense, the duration of the abuse, the information in the presentence investigation report (PSI), and Servis's disregard of his conditions of release, it could not conclude that a life sentence was grossly disproportionate to the offense.  *Servis*, No. 2-01-532-CR, slip copy, at 5-7.

A sentence of life imprisonment for Servis's offense is authorized under the Texas Penal Code, and it cannot be said that a life sentence is excessive or disproportionate to the gravity of the offense in this case.  *See* TEX. PENAL CODE ANN. § 22.021 (Aggravated Sexual Assault, First Degree Felony).  Servis sexually assaulted the victim over a period of time when the victim was two and one-half to four years of age.  (Reporter's R. on Mtn for New Trial, PSI at 17; State Habeas R, vol. 1, at 84-85)  A life sentence does not shock the conscience or the sense of justice.

## 3. *Ineffective Assistance of Counsel*

Servis claims he received ineffective assistance of trial and appellate counsel.  He asserts trial counsel Charles Roach was ineffective because counsel failed to (1) conduct an adequate pretrial investigation into the facts of the case, (2) present mitigating evidence, (3) interview, prepare and/or call available character witnesses, (4) object to the state's flawed PSI report, (5) further

4

negotiate a plea bargain with the state, (6) admonish him, and (7) preserve a record for appeal and by (8) advising him to waive the 30-year plea offer. (Petition at 7)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The state habeas court held a hearing by affidavit on Servis's ineffective assistance claims. Servis presented his own affidavit and the affidavits of his mother, father, sister, ex-wife, and daughter. (State Habeas R., vol. 1, at 66-82) Roach, testified in his affidavit, in relevant part, as follows:

> The Defendant came to me a short time before his trial date. He sought advice as to how to handle his situation. All of the Defendant's options were explained to him:
>
> He had the right to a jury trial and to have a jury pass judgment on both guilt and punishment.
>
> He could elect to plead guilty to a jury and have the jury assess punishment.
>
> He could plead guilty to the Judge and have the Judge assess punishment.

The advantages and disadvantages of each were explained to the Defendant. After consideration of these options, he chose to plead guilty to the Court and have a presentence report prepared. The Defendant was probation eligible. Once this report was prepared, a hearing was held and the Court sentenced the Defendant to a life sentence.

At the hearing the Defendant was able to put on all the witnesses he so desired. Everything was done according to the Defendant's decisions.

The Court ruled against the Defendant and assessed a sentence that was unusually harsh and inappropriate. The Defendant had no prior criminal history, a good work record, and had pled guilty. The Court, inexplicably, made a hasty and poorly considered decision. However, it was within the range of punishment and the Defendant knew the consequences of his plea. (*Id.*, vol. 2, at 340, 370)

In a supplemental affidavit, counsel further testified as follows:

a. The case was fully discussed with the Defendant and it was his decision to do an open plea, thus additional trial preparation was not needed.

b. I am not aware of flaws in the PSI that affected the outcome.

c. The Defendant rejected any plea bargains.

d. The Defendant was not advised to reject any plea offers. The decisions to accept or reject offers were those of the Defendant.

e. The Defendant was fully admonished on punishment ranges.

f. It was an open plea.

g. There was no necessity for a record.

h. The sentence was within the range of punishment, and within the Judge's right to impose. The Defendant knew this. (*Id.* at 398)

The state prosecutor who handled Servis's case also testified via affidavit, in relevant part, as follows:

.   .   .

2. The plea offer in this case was always 35 years or an open plea of guilty to the court, despite the fact that the defendant's attorney . . . spoke with me on three or four occasions about a reduction in the offer. That offer was on the

table for about one year before the defendant accepted the state's offer to waive a jury, enter a guilty plea and go to the court for punishment. I refused to lower the offer of pen time based upon the particularly egregious facts of the case, the age of the child victim and the position of trust the defendant occupied in regard to the child victim and his family and, not least, the insistence of the child victim's father that the offer not be lowered. In fact, the father found the 35 year offer to be too low.

3. I believe the defendant was admonished as to the full range of punishment in the case for the following reasons:

   a. It was Judge James Wilson's habit and practice to admonish all defendants on the range of punishment for their charged offense.

   b. I specifically recall the defendant and the family members who testified at the original hearing on the defendant's plea giving answers which made it clear that they all understood the defendant was exposed to a possible life sentence.

   c. The offer itself implied the possibilities because it was in excess of any punishment authorized for crimes other than those which carry a life sentence maximum.

4. I found Mr. Roach to be as I have always found him, prepared for the hearing and conversant with the pre-sentence investigation. He called witnesses in mitigation of the charge and appropriately handled the cross-examination of the child victim's father.

5. The pre-sentence investigation was thorough and in my opinion correct as to all issues I had knowledge of. Although it contained material from the defendant's family which I believed to be gratuitous and perhaps objectionable from a prosecutor's perspective, I chose not to object. I know that I placed no emphasis upon the "pornographic magazine" found in the defendant's house and later claimed by his step-daughter. Considering the facts of the offense, I found the evidence of the magazine to be de minimus and superfluous.

6. I cannot be certain but it is my belief that Mr. Roach did object to the court's imposition of a life sentence. Based upon my experience prosecuting crimes against children in Tarrant County for 11 years and exclusively prosecuting such cases for 3 ½ of those years, I believe that the defendant's decision to plead open to the court was a sound one. He stood very little chance of a lesser sentence from a jury in this jurisdiction, especially considering his

> confession. I know I would have tried him on more than one count and asked for an order of cumulation had he chose a jury trial.... (*Id.* at 420-21)

In light of the testimony and the documentary evidence in the state record, the state habeas court, applying the familiar *Strickland* attorney-performance standard, entered findings of fact refuting Servis's allegations of ineffective assistance. (*Id.* at 408-14) In turn, the Texas Court of Criminal Appeals denied relief without written order on the findings of the trial court. (*Id.*, vol. 1, at cover) In his federal petition, Servis makes no specific references to the state court findings, and, contrary to his assertion, he has failed to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness.

As to Servis's claims (1) and (5), once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant preceding his plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). Thus, claims (1) and (5), matters unrelated to the voluntariness of his plea, are nonjurisdictional and are waived by the plea. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989).

Servis asserts that counsel failed to admonish him on the effect of his guilty plea, the range of punishment, parole eligibility, and sex offender registration requirements, and advised him to reject a 30-year plea offer. (State Habeas R., vol. 1, at 42-43) The record largely belies Servis's assertions. Although there is no reporter's record of the plea proceeding, the documentary record reflects that Servis entered his guilty plea in open court and was advised by counsel and the trial

court of his rights, waivers, and the full range of punishment for the offense. (*Id.*, vol. 2, at 424-29) Servis executed written plea admonishments in which he waived his right to a reporter's record of the proceedings, was advised as to the range of punishment for the offense, and acknowledged that he was aware of the consequences of his plea. He further acknowledged that his plea was freely and voluntarily entered, that he was "totally satisfied" with the representation received from counsel, and that counsel provided "fully effective and competent representation," and the trial court expressly found that he understood the consequences of his plea and that his plea was freely and voluntarily entered. *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). In separate plea admonishments executed by Servis, he acknowledged that he understood his duty to register as a sex offender, the consequences of his plea, and that his attorney had advised him regarding the registration requirements. (State Habeas R. vol. 2, at 428-29)

Such representations by a defendant during plea proceedings carry a strong presumption of verity. *Blackledge*, 431 U.S. at 74. Moreover, the state habeas court determined that the state did not extend a 30-year plea offer during Roach's representation of Servis, and Servis, himself, rejected all plea offers. Servis's after the fact desire to accept a plea offer, in light of his life sentence, without more, is insufficient to establish that but for counsel's alleged advice, he would have accepted a plea offer. Even if Servis could establish that counsel rendered deficit representation, he does not allege in his petition that if he had been fully and correctly admonished, he would have pleaded not guilty and insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Willis v. Johnson*, 105 F.3d 652, 1996 WL 762720, at *1 (5th Cir. 1996); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Servis has failed to rebut the presumption that he received effective assistance of counsel, the presumption of regularity of the state court records, and the correctness

9

of the state courts' adjudication of the issue. *See Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999); *see also Hill*, 210 F.3d at 485; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

Post-plea, the record supports the state habeas court's findings that counsel did interview Servis's family before the sentencing hearing and called witnesses in mitigation of the charge. (State Habeas R., vol. 2, at 412) Further, counsel stated he was unaware of flaws in the PSI, and the prosecutor in the case recalled that the PSI was very thorough and correct as to all the issues to which he was aware. (*Id.* at 398, 411, 421) In his federal petition, Servis does not state with specificity what information in the PSI report is flawed, however, review of the reporter's record of the hearing on his motion for new trial reflects that he had two objections to information in the PSI report. (Reporter's R., vol. 2, at 43) First, he objected to mention of a collection of photographs of men's penises in his daughter's possession. *Id.* Second, he objected to a misquote by the PSI officer that "[e]ventually the victim began approaching him while he was watching television and wanted the Defendant *to touch his penis*." (*Id.* at 44-45) (emphasis added) According to Servis, the victim approached him for affection "as a father figure." (*Id.* at 45) The record further reflects that Servis failed to communicate his objections to counsel. (*Id.* at 34) Counsel is not required to make objections to which he has no knowledge. Moreover, in light of the circumstances of this case, it cannot be said that, but for counsel's alleged failure to raise the objections to the PSI report, Servis's sentence would have been significantly less harsh. *See Ward v. Dretke*, 420 F.3d 479, 498-99 (5th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006); *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993). Servis's claim that counsel was ineffective by failing to request that a court reporter record the sentencing proceedings also fails. Servis, not just his counsel, expressly waived his right to have a court reporter record the proceedings as part of the plea agreement and as reflected by his signature

on the plea admonishments. (State Habeas R., vol. 2, at 426)

Servis claims appellate counsel Robert Ford was ineffective by failing to (1) competently prepare a motion for new trial, (2) adequately prepare for the motion for new trial hearing, (3) preserve the state's "re-offered" 30-year plea bargain into the record for appeal, and (4) failing to raise one or more of the claims he now raises on appeal. (Petition at 8) Ford testified in his affidavit, in relevant part, as follows:

> Mr. Servis has made several allegations regarding the motion for new trial in his case. I filed a motion for new trial in Mr. Servis' case and convinced the trial court to give us a hearing. This was critical for his appeal because NO RECORD WAS TAKEN AT THE ORIGINAL SENTENCING HEARING. Therefore, Mr. Servis had something to appeal because I made a record in his case. I prepared for the hearing and the record speaks for itself.
>
> On direct appeal, I raised the point available for consideration. Mr. Servis' allegation that his sentence represented cruel and unusual punishment has no basis in fact or law.
>
> I did not raise ineffective assistance of counsel on direct appeal because we did not have any facts in the record regarding that matter. And quite frankly, I did not believe calling trial counsel at the hearing was a wise choice as the testimony from trial counsel would have likely killed any ineffective claims raised in a subsequent writ of habeas corpus. (State Habeas R., vol. 2, at 340)

Based on counsel's affidavit and the record evidence, the state habeas court determined that Servis had presented no evidence to support his claims. As in state court, Servis has failed to demonstrate that counsel's representation constituted deficient performance or that had counsel presented different claims in his motion for new trial, the motion would have been granted. Under Texas law, there is support that the time period for filing a motion for new trial is considered a critical stage of the proceedings during which a defendant is constitutionally entitled to assistance of counsel. *See Hanson v. State*, 11 S.W.3d 285, 288 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd). There is, however, a rebuttable presumption that a defendant was represented by counsel and

counsel acted effectively. *See Oldham v. State,* 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Servis has not brought forth a meritorious claim. Counsel is not required to file frivolous motions or raise a meritless claim. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Servis has not established that he was not adequately represented by counsel during the time for filing a motion for new trial.

Similarly, appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000) (applying *Strickland* standard to ineffective assistance claims against appellate counsel). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). A petitioner must show that appellate counsel's failure to raise an issue worked to his prejudice–i.e., that but for counsel's errors he would have prevailed on his appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). Servis has not satisfied this requirement. Servis has identified no potentially meritorious points of error that his appellate counsel could or should have included as a part of his appellate brief. Thus, it follows, that counsel was not ineffective for failing to raise the issues on appeal. Nor does prejudice result from appellate counsel's failure to assert a meritless claim or a meritless argument. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

In conclusion, the record supports the state courts' determination of the issues presented in this federal proceeding. The state courts' determination is not contrary to or involve an unreasonable application of federal law in light of the record as a whole and is entitled to deference and the resumption of correctness.

*4. Evidentiary Hearing*

Servis asserts he has never received a full and fair hearing on his claims and requests this court hold an evidentiary hearing to resolve factual issues. (Pet'r Memorandum at 10-13) A factual basis was adequately developed by affidavit testimony in the state trial court on the claims presented. *See Carter v. Johnson*, 131 F.3d 452, 460 n.13 (5th Cir. 1997). In-person repetition of counsel's account of their representation of Servis could not alter that. Further, Servis cannot satisfy the statutory requirements. His claims do not rely on a new rule of constitutional law or on a legal or factual basis that did not exist at the time of the state court proceedings. 28 U.S.C. § 2254(e)(2)(A)(i)-(ii); *see also Williams,* 529 U.S. at 435-36. Servis received a full and fair adjudication of his claims at the state level and the state court's factual determinations are fairly supported by the record as a whole. Thus, an evidentiary hearing is not warranted.

## II. RECOMMENDATION

Servis's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 20, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 20, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 29, 2008.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE